IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL COOK,                              )
                                          )
        Plaintiff,                        )
                                          )
    vs.                                   )   Civil Action No. 08-0089
                                          )
NEW CASTLE AREA SCHOOL DISTRICT;          )
GEORGE GABRIEL, Superintendent of         )
New Castle Area School District;          )
FRED MOZZOCIO, Former President           )
of the Board of School Directors;         )
and PAUL A. FULENA, Director of           )
Buildings & Grounds of New Castle         )
Area School District,                     )
                                          )
        Defendants.                       )
                                          )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                March 20, 2008

This is a civil rights case. Plaintiff, Daniel Cook, brings this section 1983 claim alleging that defendants retaliated against him for exercising his First Amendment rights. [Doc. No. 1-2]. Plaintiff, a long time janitorial employee for defendant New Castle Area School District, alleges that defendants, <u>inter alia</u>, abolished his position and denied him other positions because of his political support for certain school board candidates. <u>Id</u>.

Defendants have filed a motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P 12(b)(6). [Doc. No. 4]. For the reasons set forth below, the motion will be denied.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 2008 WL 305025, at *4 (3d Cir. Feb. 5, 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 2008 WL 305025, at *3; Rowinski v. Salomon Smith Barney

2

Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendants' motion. Based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff has alleged facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1964-65 (citations omitted). Defendants' motion to dismiss plaintiff's complaint will, therefore, be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL COOK,<br><br>    Plaintiff,<br><br>    vs.<br><br>NEW CASTLE AREA SCHOOL DISTRICT;<br>GEORGE GABRIEL, Superintendent of<br>New Castle Area School District;<br>FRED MOZZOCIO, Former President<br>of the Board of School Directors;<br>and PAUL A. FULENA, Director of<br>Buildings & Grounds of New Castle<br>Area School District,<br><br>    Defendants. | Civil Action No. 08-0089 |

ORDER

AND NOW, this 20 day of March, 2008, IT IS HEREBY ORDERED that defendants's motion to dismiss plaintiff's complaint [Doc. No. 4] is DENIED.

IT IS FURTHER ORDERED THAT plaintiff is GRANTED leave to amend his complaint.

BY THE COURT:

_____
Gary L. Lancaster
United States District Judge

cc: All counsel of record